UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60006-CIV-LENARD/GARBER

FRENCH CUFF, LTD.,

    Plaintiff,

v.

MARKEL AMERICAN
INSURANCE COMPANY,

    Defendant.

_____/

### ORDER

THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Joan A. Lenard. Pursuant to such reference, the Court has received Defendant's Motion to Compel and for Sanctions [DE 137], Plaintiff's Response in Opposition [DE 140], and Defendant's Reply [DE 142]. After due consideration, Defendant's motion is GRANTED IN PART and DENIED IN PART.

Markel American Insurance Company ("Markel") moves the Court to compel French Cuff to produce all responsive documents and photographs to its discovery requests and for sanctions requiring French Cuff to pay all costs and fees associated with bringing the Motion. Markel argues that French Cuff's evasive and delayed responses to its requests for production for the following items are sanctionable: 1) photographs of the subject Vessel, 2) detailed production drawings, 3) video of the damage, and 4) pleadings from a lawsuit in France in which Plaintiff is a party.[1] Markel requested all photographs, production drawings, and videos of the damage. In its initial response,

---

[1] Both parties agree that there is no longer an issue regarding the French Pleadings as Plaintiff has agreed to produce them. Therefore, this issue is moot.

French Cuff did not produce the video or production drawings, and only produced some photos. The response was later supplemented and more photos were produced. The production drawings and video were produced in supplemental responses as well.

Markel contends that French Cuff's actions "evidence a clear history of discovery abuse." DE 137 at 5. The Court has broad discretion to control discovery and fashion appropriate sanctions for discovery abuses. FED. R. CIV. P. 37; *Gratton v. Great American Communications*, 178 F.3d 1373, 1374-75 (11th Cir. 1999). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Id.* Rule 37(a)(5) allows for the imposition of attorney's fees and costs, and, after a hearing on the matter, "[a] court must impose attorney's fees and expenses when compelling discovery unless the party was substantially justified in resisting discovery. Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) (citations omitted).

After reviewing the filings and the affidavit submitted by Joe Ganem, it appears that although some of Plaintiff's actions in producing the drawings may not reflect well on Plaintiff, Plaintiff's behavior does not amount to sanctionable conduct. Though the production was late, Plaintiff produced the video and drawings upon their discovery on Mr. Ganem's computer and in accordance with French Cuff's duty to supplement.

Regarding the photographs, however, it is unclear to the Court whether or not all of the photos have been produced. In its Response in Opposition to the instant Motion, French Cuff states:

> Plaintiff produced exemplar photographs of the Vessel in response to [Defendant's] First Request for Production. Like any owner of a Vessel, Plaintiff had additional photographs of his Vessel which have been accumulated since 2001, and upon

realizing that all of the photographs had not been produced, Plaintiff promptly provided additional photographs.

DE 140 at ¶ 12. Markel interprets this as an admission that French Cuff purposely did not produce all of the photographs of the subject Vessel and chose which photos to produce. French Cuff asserts that the delay in production of the photographs did not prejudice Markel because the "photos do not show anything new" and because whether defects in the Vessel were readily discoverable by reasonable means or inspection is not at issue in the case. DE 140 at 4 (quoting DE 137). However, French Cuff did not object to the Requests for all photographs and cannot attempt to reason that the photographs are duplicative or irrelevant. French Cuff was under a duty to produce all photographs of the subject Vessel, per the discovery request. Accordingly, the Court hereby

ORDERS the following:

1. The Motion is GRANTED in part and DENIED in part.

2. The Motion is GRANTED as to production of the photographs. French Cuff shall produce all photographs of the subject Vessel if it has not already done so. If all photographs had not been previously produced, Defendant has leave to re-file a motion for sanctions.

3. The Motion is DENIED as to sanctions regarding the production of the video and drawings.

DONE AND ORDERED in Chambers at Miami, Florida this 22nd day of December 2009.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE